UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

===============================

SUSHOVAN HUSSAIN,

      Petitioner,

-vs-                        Civil Action No. 3:21-cv-01635-MEM-DB

RACHEL THOMPSON ET. AL.,

      Respondents,

===============================

FILED SCRANTON OCT 18 2021

DECLARATION OF PETITIONER SUSHOVAN HUSSAIN
IN SUPPORT OF HIS HABEAS CORPUS PETITION PURSUANT TO
28 UNITED STATES CODE SECTION 2241 (28 U.S.C.S. 2241)

SUSHOVAN HUSSAIN, hereby declares under penalty of perjury pursuant to 28 U.S.C.S. 1746:

1.    I, Sushovan Hussain ("Hussain") am a Pro Se Petitioner, as such I am familiar with the facts of this action

2.    I am currently incarcerated at Federal Correctional Institution Allenwood Low

3.    PURSUANT to all applicable federal rule and law, I make this additional declaration in support of my Habeas Corpus petition (at Doc. No. 1)

4.    In May 2020 the Bureau of Prisons ("BOP") was ordered by Court not to exclude foreign inmate prisoners in deciding eligibility for home confinement under the CARES Act and the Attorney General's March 26, 2021 and April 3, 2021 Memoranda. See Wilson, et al. vs. Williams, et al. Case No. 4:20-cv-00794-JG, (at Doc. No. 85, pg. 7) where, in the context of home confinement under the CARES Act and the Attorney General's Memos, the Court ordered Respondents to... "(a) eliminate all requirements that the inmate have served some part of his sentence to be eligible for confinement" and ... "(e) eliminate the requirement that the inmate be a U.S. citizen".

5.    Courts have concluded that defendants with ICE detainers are not categorically ineligible for COVID-related sentence reduction programs: "... under normal BOP guidelines, defendants with ICE detainers are ineligible for sentence reduction programs. However, ... new Department of Justice directives instruct the BOP to consider 'all at-risk inmates, not only those who were previously eligible for transfer' into home confinement." United States v. Al-Jumail, 459 F. Supp. 3d 857, 866 (E.D. Mich. 2020) (citing 04-03-2020 Directive to BOP, at 2)).

6.    Respondents have been put on clear notice to include non-U.S. citizens in deciding eligibility for home confinement yet they continue to violate the Constitution rights of non-U.S. citizen inmate Hussain and abuse their statutory authorities, thus significantly prejudicing Hussain.

As ordered by the Court in Wilson, et al. vs. Williams, et al., this Court should direct the BOP to consider Hussain eligible, under the April 3, 2020 Attorney General's memo, for transfer to home confinement, and direct the BOP to report back to this Court why the BOP could deem Hussain ineligible. Should the BOP state the ICE Immigration Detainer as a factor for Hussain's ineligibility then this Court should concur with Hussain's argument of discrimination because the ICE Immigration Detainer is issued solely on the basis of Hussain's national origin.

For all the foregoing including the arguments cited above and in the Petition for writ of habeas corpus (at Doc. No. 1), this Court should grant Hussain's request(s) in its entirety.

Dated: October 10, 2021
      White Deer, Pa. 17887-1000

Respectfully submitted
/s/ Sushovan Hussain
SUSHOVAN HUSSAIN
Pro Se Petitioner






CERTIFIED MAIL

7000 0600 0023 2001 4173

INMATE NUMBER/NAME: SUSHOVAN HUSSAIN 24067-111
FEDERAL CORRECTIONAL COMPLEX: ALLENWOOD LOW
P.O. Box 1000
WHITE DEER, PA 17887

RECEIVED
SCRANTON
OCT 18 2021
PER ___ DEPUTY CLERK

LEGAL MAIL

HON. MALACHY E. MANNION
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
WILLIAM J. NEALON FEDERAL BLDG. & U.S. COURTHOUSE
235 NORTH WASHINGTON AVENUE
P.O. BOX 1148
SCRANTON, Pa. 18501-1148