x

Sushovan Hussain
Reg. No. 24067-111
FCI Allenwood Low
P.O. Box 1000
White Deer, Pa. 17887-1000

Hon. Malachy E. Mannion
UNITED STATES DISTRICT COURT
For the Middle District of Pennsylvania
William J. Nealon Federal Bldg. & U.S. Courthouse
235 North Washington Avenue
P.O. Box 1148
Scranton, Pa. 18501-1148.



FILED
SCRANTON

NOV 2 9 2021

Per_____
DEPUTY CLERK

Regarding: Hussain v. Thompson et.al
Civil Case No. 3:21-cv-01635-MEM-DB
Motion for Reconsideration

Dear Judge Mannion,

Petitioner Pro Se, Sushovan Hussain ("Hussain") respectfully submits this letter motion to request reconsideration of this Court's November 15, 2021 order dismissing, without prejudice, Petitioner's petition for a writ of habeas corpus (at Doc No. 1) and Petitioner's petition for temporary restraining order "TRO" (at Doc. No. 5).

LEGAL STANDARD

Federal Rules of Civil Procedures 52(b) states "On a party's motion filed no later than 28 days after entry of judgment, the court may amend its findings - or make additional findings - and may amend the judgment accordingly." A court may alter or amend its judgment upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence... or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." See Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration may not be used as a means to re-argue unsuccessful theories or argue new facts or issues that were not presented to the Court in the context of the matter previously decided. See Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).

The Supreme Court has held that "the critical question" which must be answered affirmatively to justify summary dismissal is whether the "allegations, when viewed against the record [available to the court are] so 'palpably incredible,' so 'patently frivolous or false,' as to warrant summary dismissal." (Blackledge v. Allison, 431 U.S. 63 (1977).

DISCUSSION

Petitioner seeks reconsideration of this Court's prior ruling to allow: (1.) for the factual record to be fully developed on the issue of discrimination based on national origin; and (2.) to correct the Court's decision that was based on erroneous understanding of the facts and issues.

This Court's order (at Doc. No. 9) evades the true intent of the petition, to highlight the discrimination presented by Petitioner. Moreover, the Order of this Court fails to address the two questions presented in petitioner's motion, namely:

> (a.) Is it discriminatory and in violation of the Constitution for the Respondents, on the basis of national origins, to deny safe harbor from the COVID-19 pandemic to Petitioner, a medically vulnerable inmate, while offering safe harbor to similarly situated U.S. citizen inmates?;

> (b.) Is it discriminatory and in violation of the Constitution for the Respondents, on the basis of national origins, to impose impermissible and punitive standards in the execution of Petitioner's sentence, thereby incarcerating Petitioner longer than similarly situated U.S citizens?

In failing to permit the full development of the record prior to adjudicating on the petition:

## A. THE COURT ABUSED ITS DISCRETION FOR FAILING TO ALLOW FULL DEVELOPMENT OF THE RECORD ON THE ISSUE OF DISCRIMINATION BASED ON NATIONAL ORIGIN PRIOR TO ADJUDICATING ON THE PETITION

Applicable Law:

The Court, in reviewing Petitioner's writ of habeas pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. s2254, is required to "promptly examine" the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." If the "plainly appears" standard is not met, "the judge must order the Respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.) cert. denied 400 U.S. 906, 91 S. Ct. 147, 27 L. Ed. 2d. 143 (1970). When the petition is not frivolous it should not be dismissed. See, e.g., Cuadra v. Sullivan, 837 F.2d 56, 58-59 (2d Cir. 1988) ("sua sponte dismissal of pro se prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored" (quoting Moorish Science Temple of America v. Smith, 693 F.2d 987, 990 (2d Cir. 1982)); Williams v. Kullman, 722 F.2d 1048, 1950-51 (2d Cir. 1983) (courts generally should await state's answer or permit amendment before summarily dismissing habeas corpus petition); United States ex rel. Jones v. Franzen, 676 F.2d 261, 267 (7th Cir. 1982) (courts should rarely dismiss before answer).

Federal courts of appeals have held, based on fairness and efficiency grounds, that district courts only rarely should dismiss petitions for non-jurisdictional reasons before hearing from Respondents. Habeas Rule 4 supports such a cautious approach to summary dismissal. By giving the court the options of asking Respondents to file some "other pleading" besides or in addition to an answer or of taking any "other action ... deem[ed] appropriate," Rule 4 affords the court "flexibility" to take actions short of outright dismissal. (Bundy v. Wainwright, 808 F.2d 1410, 1415 & n.9 (11th Cir. 1987).

Because the state can waive the exhaustion of state remedies, summary dismissal on non-exhaustion grounds in advance of an answer by the state and a response by the petitioner is almost never permissible, McCartney v. Vitek, 902 F.2d 616, 617 (8th Cir. 1990) (dicta) (ordinarily, "habeas petition should not be dismissed for failure to exhaust state remedies before the state has responded" to petition because state may waive exhaustion.")

Pro se petitions are held to a less stringent summary dismissal standards. Courts often accord pro se petitioners extra leeway when adjudicating the sufficiency of their factual pleadings. See McNeil v. United States, 508 U.S. 106, 113 n.10 (1993) (dicta) ("we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed") (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). See also Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (section 1983 action) ("sua sponte dismissal of a pro se complaint prior to service of process is a 'draconian device,'... which is warranted only when the complaint 'lacks an arguable basis either in law or in fact'".)

Discussion:

Petitioner submits that the facts stated in Petitioner's writ of habeas corpus are not "frivolous or obviously lacking in merit" such that it does not "plainly appear" that Petitioner is not entitled to relief. Petitioner respectfully avers that his petition provides "facts that point to a 'real possibility of constitutional error." (See Aubut v. State of Maine, 431 F.2d 688, 689 (1st Cir. 1970) Rule 4 Advisory Committee notes). As such the Court's duty is to fully develop the record. See Thames v. Dugger, 848 F.2d 149, 151 (11th Cir. 1988) (dismissal was premature because district court did not have complete record); Moncrieffe v. Yost, 367 Fed. Appx. 286, 288-89, 2010 U.S. App. LEXIS 4567, at *4 & n.2, *6 (3d Cir. March 4, 2010) (section 2241 habeas corpus petition "states potential grounds for relief" and accordingly "District Court should not summarily have denied it [pursuant to Rule 4]. Instead the District Court should have required the respondent to file a response and conducted further proceedings.").

The Court is duty bound to seek answers to Petitioner's factual claims from the Respondents to develop the record before the arbitrating. Williams v. Lockhart, 849 F.2d 1134, 1138-40 (8th Cir. 1988 (generally, allegation of material facts establishing right to relief requires hearing).

When issuing a motion to dismiss without a response by the Respondents, the Court is required to assume the facts in the allegations are true. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 164 (1993) (section 1983 action) ("We review here a decision granting a motion to dismiss, and therefore must accept as true all the factual allegations in the

complaint.") (citing United States v. Gaubert, 499 U.S. 315, 327 (1991)); United States v. Mosquera, 845 F.2d 1122, 1124 & n.2 (1st Cir. 1988) (when disposing of application summarily, court must accept allegations as true unless allegations are "contradicted by record, inherently incredible, or conclusions rather than statements of fact"); Walton v. Johnson, 407 F.3d 285, 295 (4th Cir. 2005) (district court's grant of summary judgment "cannot stand because ... the court resolved a factual dispute in favor of the Government" rather than following the rule that "truth of the facts alleged in Walton's petition" must be "assume[d]".

By failing to allow the development of the record on the issue of discrimination the Court has abused its discretion. The Court cannot impose an impermissible standard on petitioner by dismissing petitioner's habeas writ and TRO before the record is fully developed.

B. THE COURT'S DECISION IS BASED ON ERRORNEOUS UNDERSTANDING OF THE FACTS AND ISSUES

Discussion:

The Court has mis-understood Petitioner's request when it stated that Petitioner seeks release to home confinement because the BOP has denied Home Confinement placement under the CARES Act. Petitioner's argument is that Respondents have discriminated against him on the basis of national origin and that he has suffered prejudice as a result.

Through petitioner's writ of habeas corpus Petitioner seeks remedy for discrimination based on national origin. In its order of dismissal the Court does not consider discrimination in its reasoning. The facts in Petitioner's petition for habeas corpus relief have not been considered in the Court's dismissal order. None of these factors were used in the ruling, thus the Court based its decision to dismiss the petition on erroneous understanding of facts and issues.

CONCLUSION

The facts stated in the Petition show that Respondents discriminate against Petitioner based on his national origin and abuse their statutory authorities in doing so. The United States Constitution protects every person irrespective of national origin. This Court should not permit the Respondents to discriminate and abuse their authorities where COVID-19 presents imminent and irreparable harm to the Petitioner (Doc. 11, Motion to Expedite). Habeas Rule 4 supports a cautious approach to summary dismissal. For all the reasons stated in this motion Petitioner respectfully requests this Court to reconsider its prior decision so as to allow the full development of the record before adjudicating on the petition and to prevent a manifest injustice.

Dated:  November 23, 2021
        White Deer, Pa. 17887-1000

                          Respectfully submitted
                          *Sushovan Hussain*
                          /s/ Sushovan Hussain
                          SUSHOVAN HUSSAIN
                          FCI Allenwood Low
                          P.O. Box 1000
                          White Deer, Pa. 17887-1000

                          Pro Se Petitioner

