UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SUSHOVAN HUSSAIN,** *a/k/a Hasan Tareque* : | |
| : | CIVIL ACTION NO. 3:21-1635 |
| **Petitioner** : | |
| : | (JUDGE MANNION) |
| v. : | |
| **WARDEN RACHEL THOMPSON** : | |
| **Respondent** : | |

## ORDER

Petitioner, Sushovan Hussain, an inmate confined in the Allenwood Low Security Federal Correctional Institution, White Deer, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). Petitioner challenges the Bureau of Prisons' ("BOP") denial of his request pursuant to Section 12003(b)(2) of the Coronavirus Aid, Relief and Economic Security Act ("CARES Act") for home confinement placement. Id. For relief, Petitioner requests a Court Order, directing Respondent "to release Petitioner within 24 hours." Id.

By Memorandum and Order dated November 15, 2021, the Court conducted an initial screening of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 and dismissed the petition without prejudice for lack of

jurisdiction, finding that Petitioner conceded failure to exhaust, and even if Petitioner had exhausted, this Court lacks jurisdiction to release Petitioner on home confinement under the CARES Act. (Docs. 9, 10). Additionally, the Court found that the BOP's decision to deny Petitioner home confinement was not an abuse of discretion and that Petitioner's remaining claims were unrelated to the fact or duration of Petitioner's detention and were more appropriately raised in a Bivens[1] action.

Presently before the Court is Petitioner's motion for reconsideration[2] of this Court's November 15, 2021, Memorandum and Order, dismissing the petition. (Doc. 13). Plaintiff states that the Court's decision is "based on erroneous understanding of the facts and issues" in that Petitioner's argument is that "Respondents have discriminated against him on the basis of national origin and that he has suffered prejudice as a result." Id.

Petitioner's motion fails to demonstrate reliance on one of three major grounds needed for a proper motion for reconsideration, Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010)

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

[2] The Court notes that Plaintiff's motion is not properly supported by a brief in support, as required by M.D. Pa. Local Rule 7.5.

(finding that a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice), but, instead, simply disagrees with the Court's determination that his complaint was barred, on its face, by the statute of limitations. See Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa. 1994) (finding that "[a] motion for reconsideration is not to be used to reargue matters already argued and disposed of."); see also Database America, Inc. v. Bellsouth 4 Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) (holding "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'") Again, to the extent that Petitioner seeks to raise a discrimination claim, such a claim is unrelated to the fact or duration of Petitioner's detention and is not appropriately raised in a petition for writ of habeas corpus, but rather must be raised in a Bivens action. See Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (finding that federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily

impacts the fact or length of detention"). As such, this Court finds that its Memorandum and Order of November 15, 2021, is not troubled by manifest errors of law or fact and Petitioner has not presented anything new, which if previously presented, might have affected our decision.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT** Petitioner's motion for reconsideration (Doc. 13) is **DENIED**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: March 18, 2022**
21-1635-02